JUDGE'S COPY

COPY

IN THE
UNITED STATES DISTRICT COURT

WILLIAM DONALD MARSHALL,
    Petitioner,

vs.

ROBERT L. RAIGER,
    Respondent,

1:CV CASE #-0949

FILED
HARRISBURG
MAY 29 2001
MARY E. D'ANDREA, CLERK
Per ___ DEPUTY CLERK

PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW, William Donald Marshall, hereinafter referred to as the Petitioner so named in the above caption cause, and who now respectfully seeks that this honorable court issue a show cause order upon Respondent directing him to show cause as to why a Writ of Habeas Corpus should not issue for the relief prayed for herein. In support of this petition, the Petitioner asserts the following fact:

1. Respondent is the Warden of the Lebanon

2

County Correctional Facility at Lebanon, PA. wherein Petitioner is a prisoner thereof the Respondent.

2. Petitioner asserts that he is being illegally incarcerated in the custody of Respondent as violation of Petitioner's rights pursuant to the laws and Constitution of the United State and the State of Pennsylvia.

3. On May 8, 2001, Petitioner was placed in the custody of Respondent upon an non-authoritative warrant issued by the State of Virginia, County of Accomac alleging eight (8) charges of larceny. Petitioner asserts that his incarceration is unlawful in that petitioner has never been provided copies of nor the opportunity examine the alleged warrants required to confine Petition pursuant to the Uniform Criminal Extradition

3

Act.

4. Petitioner asserts that his incarceration by the Respondent violates petitioner's rights pursuant to the laws and Constitution of the United States an[d] State of Pennsylvania in that to-wit:

(a) Petitioner has been subjected to illegal search a[nd] seizure.

(b) Petitioner is being incarcerated by Respondent without being taken before a court and infor[med] of his rights to charges against him, the right to [a] hearing and counsel to contest extradition.

(c) Petitioner is being denied access to an adequate law library to perform research upon the constitutionali[ty] of his confinement as well as the conditions thereo[f].

(d) Petition asserts that he is being thus denied his rig[ht] to bail in that the current bail of $100,000 is excessi[ve] even considering the nature of the alleged Virgin[ia]

(e) Petitioner asserts that he is not a fugitive from [the] State of Virginia as required by the Uniform Crimina[l] Extration Act. 18 USC 3182. Petitioner asserts in support that he was not in the demanding state a[t the] time alleged crime was committed.

4

5. Petitioner asserts that he has no attorney nor adequate access to a law library and thus has no remedy under state law to seek redress herein sought.

6. In view that it is the practice of the State of Pennsylvania to deliver alleged fugitives to other states demanding them prior to the accused first being afforded all his pre-transfer rights to include but not limited to being brought promptly before a court to be informed as to charges against him, right to counsel, and right to petition for Writ of Habeas Corpus contesting extradition, and the right to appeal any denial of Habeas Corpus petition, to safeguard petitioner's rights of seeking redress by Petition for Writ of Habeas Corpus in this Court prior to any potential transfer by Respondent of Petitioner to Virginia, Petitioner

5

PRAYS THAT THIS HONORABLE COURT ISSUING AN ORDER THAT PETITIONER'S CUSTODY NOT BE TRANSFERRED TO ANOTHER PURSUANT TO 28 USC Rule 23(a) OF FEDERAL Rules OF APPELLATE PROCEDURE which PROVIDES:

> (a) Transfer of Custody Pending Review
> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another.

WHEREAS, PETITIONER RESPECTFULLY PRAYS THAT THIS HONORABLE COURT ISSUE A WRIT OF HABEAS CORPUS DIRECTING RESPONDENT TO DISCHARGE PETITIONER FROM CUSTODY.

Dated this 18 day of May, 2001

Respectfully Submitted,
William Donald Marshall
Petitioner, Pro Se.
730 E. Walnut St.; Lebanon, Pa 170

I declare under penalty of perjury that the foregoing is true and correct. 28 USC 1746

William Donald Marshall