2 to Ct

ORIGINAL

730 E. Walnut St
Lebanon, Pa. 17042
June 4, 2001

Clerk of Court
U.S. District Court
228 Walnut St
P.O. Box 983
Harrisburg, Pa. 17108


FILED JUN 05 2001 PER HARRISBURG, PA. DEPUTY CLERK

Dear Sir/Madam,

Re: Marshall v. Raiger
1:01 CV-0949

Please find enclosed my 'Motion for Emergency Protective Order' for which as described therein seeks immediate consideration by Judge Rambo.

Despite my application for appointment of counsel on day after being detained (May 9, 2001) no action has been taken and I'm scheduled for first hearing without counsel on June 4, 2001 (today) for showing if present a Governor's Warrant per 18 USC 3182.

Until and unless Judge Rambo issues an order as sought in enclosed motion, I'll be transferred to Virginia authorities and subsequently exposed to all that described in my motion that is to be life threating to me.

Due to the timely urgency to submit the enclosed motion, I am unable to acquire extra copies of the enclosed motion. I therefor plead that such potential

3

be waived in this presentation.

Respectfully,

William D. Marshall

IN THE
UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM D. MARSHALL,
    PETITIONER,

vs.

ROBERT L. RAIGER,
    RESPONDENT,

CASE No. 1:01-CV-0094[9]

MOTION FOR EMERGENCY PROTECTIVE ORDER

    Petitioner, William D. Marshall respectfully submits this 'MOTION FOR EMERGENCY PROTECTIVE ORDER' to in[sure] not only that Respondent will adhere to the mandatory provisions of 28 USC Rule 23(a) of Federal Rules of Appellate Procedure, but to further prote[ct] Petitioner right to seek federal relief from any Order of a state court ordering extradition to state of Virginia, and where as now subsequent to fili[ng] 'Petition for Writ of Habeas Corpus in above caption[ed] case, petition has learned that his health and lif[e] is in danger if delivered to custody of Accomack County Virginia authorities as more fully described herein after.

1. Petitioner contends that Virginia authorities and private citizens are advocating as well

2

AS IMPLEMENTING UNCONSTITUTIONAL CONDUCT THAT WITH OBJECTIVES TO IMPOSE PHYSICAL THREATS UPON PETITIONER WHILE PRECLUDING PETITIONER FROM EXERCISING HIS RIGHTS. SOME THREATS HAVE BEEN MADE TO FAMILY OF PETITIONER thus ASSERTING THAT PETITIONER NEEDS TO BE "lynched" UPON RETURN TO ACCOMACK COUNTY VIRGINIA.

2. PETITIONER CONTENDS THAT VIRGINIA AUTHORITIES WHILE ACTING WITH PRIVATE CITIZENS, HAVE IN FURTHERANCE TO THEIR UNLAFUL CONDUCT, IMPLEMENTED VARIOUS OBSTACLES TO PRECLUDE THE PETITIONER FROM EXERCISING HIS RIGHT TO ACQUIRE AN ATTORNEY IN ACCOMACK OR NEIGHBORING COUNTIES.

3. PETITIONER CONTENDS THAT THE FACTS SET FOURTH HEREIN ARE SIMILAR TO THAT IN MATTOX v. SUPERINTENDENT OF COUNTY PRISON, 31 A. 2d 576

"Where the judge granting writ of habeas corpus is satisfied by substantial and competent evidence, that feelings against petitioner and attitude of prosecuting attorney and peace officers, of the demanding state is such as to furnish reasonable grounds for belief that petitioner will not receive a fair trial, and is in grave danger

3

of being lynched or abuse, judge may discharge petitioner from custody and refuse delivery of him to the demanding state.

4. Petitioner contends that since the Virginia charges are based on serious felonies for alleged failure of Petitioner to pay a $2,000 debt but labeled as 'larceny', petitioner contends that such alleged charge is for reasons of retaliation against petitioner for his prior working with U.S. Dept. of Justice Civil Rights Division while a freelance paralegal in 1968. Petitioner is now 62, legally blind and who suffers from various condition associated with 'albinism'.

Whereas, petitioner prays that this court issue an order to insure Respondent's compliance to Rule 23(a) supra. with potential of invoking 28 USC 2251

Petitioner assert the above to be true and correct, pursuant to 28 USC 1746.

Dated this 4th day of June, 2001.

Respectfully,
William D. Marshall
Petitioner, Pro Se.