ORIGINAL

IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG
JUL 11 200[1]

MARY E. D'ANDREA
Per _____

WILLIAM DONALD MARSHALL,
        PETITIONER,

VS.

ROBERT L RAIGER,
        Respondent

Civil # 1:CV-01-0949

PETITIONER'S REPLY TO RESPONDENT'S ANSWER

COMES NOW PETITIONER AND who now replies to respondent's answer to this Honorable Court's Order of June 5, 2001 to show cause why petitioner's Petition for Writ of Habeas Corpus should NOT be GRANTED. Contrary to respondent's claim that petitioner rights have not been violated as petitioner

2

asserts in paragraph '2' of his Petition for Writ of Habeas Corpus, Petitioner's rights have been violated pursuant to the Constitution and laws of the United States, to-wit:

(a) Petitioner upon being arrested on May 8, 2001, was not taken before a judge or justice as required pursuant to 18 USC 3182 as too at 42 Pa. CSA 9136 whereas 'District Justices' as Petitioner was brought before are not judicially qualified to process or make decisions on extradition matters. Petitioner has been informed by his state appointed public defender Scott Stein who made initial appearance in petitioner's case long after violation of petitioner right to

3

a hearing after expiration of 30 day detention, and where petitioner's own research revealed that 'District Justices' as utilized in State of Pennsylvania to conduct arraignments and other subsequent hearings on extradition cases, <u>do not</u> possess <u>any</u> legal education <u>whatsoever</u> and are consequently lay persons at law, yet whose decisions have adverse effects upon the life, liberty and property of those brought before them. On each of two occasions that petitioner was brought before two different 'District Justices' and where counsel on initial appearance was denied and second appearance was swiftly completed before counsel without advance notice could not arrive timely although

4

he objected by phone for arraignment to proceed out of his presence, Petitioner contends that his rights have twice been violated as described above and where the latter arraignment followed an illegal 'rearrest' prior to being released on same charge by Order of the Honorable Robert J Eby, in Lebanon County Court of Common Pleas, granting Petition for Writ of Habeas Corpus for respondent's failure to bring petitioner before a judge and court of record within 30 days of arrest as required by law under the Uniform Criminal Extradition Act. Petitioner contend that contrary to respondent's denying that which Petitioner asserts in as paragraph 3 of his Petition for Writ of Habeas Corpus, petitioner has never been given any information or copies of

5

Virginia charges that would support the only document provided petitioner, i.e. Pa. Fugitive Warrant. It was not untill petitioner was shown by another inmate that by article appearing in Lebanon Daily News (see Petitioner's Exhibit 'A') that petition was first informed that the sole basis of the Va. charges hinged on his alleged failure to pay his bills dispite respondent's resent contention to imply otherwise in his exhibit attachment to an unauthorized 'Second Answer' to Petitioner's claims, as referencing affidavit of Gary Agar in support of acquiring a Governor's Warrant wherein said affidavit at paragraph '7' it is alleged that extradition is not sought to collect a debt. Petition contend that respondent is attempting to extradite for failure of petitioner to allegedly pay his bills as is evident

<u>6</u>

by the information provided to newspaper reporter from Trooper Morris of Va. State Police which too contradicts Trooper Morris affidavit attached to Respondent's Second Answer utilized to acquire a Governor's Warrant. See Petitioner's Exhibit "A".

Petition contends that despite efforts of Respondent, to contend that extradition is NOT for purpose of collecting for or retaliation for failing to pay a debt, the evidence strongly implies to the contrary. See:

<u>Walker v. Ramsey</u>, 368 N.W. 2d 28
<u>Stynchcombe v. Smith</u> 261 SE 2d 342
<u>King v. Schmucker</u>, 3 Lycoming 66 (1951).

Therefore, petitioner contends that since extradition is sought for purposes of satisfying in some form a civil debt, extradition should be denied

7

Petitioner contends, that contrary to Respondent's denial of Petitioner's claims in paragraph '4' of his Petition for Writ of Habeas Corpus, petitioner maintains his claims (a) through (e) to-wit:

(a) Petitioner's vechile was towed to a secured area under supervision of police then without search warrant conducted search out of presence of petitioner, in violation of Fourth Amendment and Fourteenth Amendment to U.S. Constitution.

(b) Petitioner contends and maintains his claims as originally set forth in his petition, that petitioner was denied his Sixth Amendment Right to counsel upon initial appearance before District Justice on May 8, 2001 where petitioner was <u>Instructed</u> where to sign his name on court form that petitioner asserted he could not see due to legal blindness and without special device as petitioner now uses in preparation of this pleading. The District Justice had petitioner sign a 'wavier' of counsel which was neither voluntary or, told to petitioner. See attached affidavit of petitioner's family members which confirms petitioner severe visual handicap as one condition of 'Albinism'. "EXHIBIT 'B'

8

(c) Petitioner opposes Respondent's contention that a claim of denial of access to an adequate law library is irrelevant in this case. Contrary, pursuant to <u>Presier v. Rodriquez</u>, 93 S. Ct. 1827; 411 U.S. 475; <u>Walters v. Henderson</u> 352 F Supp 556.

(d) Petitioner opposes Respondent's contention that a claim of denial of ~~access~~ right to fair bail is irrelevant is misplaced. Petitioner contends he has a constitutional right to bail that is not excessive. Although such may be questionable now subsequent to events occuring since June 27, 2001, Petitioner has and is now exercising his right to motion this Court for bail pursuant to Rule 23(b)(c).

(e) Contrary to Respondent's claim that item (e) is irrelevant, such is indeed one of the major factor in this case. Petitioner pursues his claim that he was not in the demanding state at time of alleged crime as required to make finding that he is a fugitive. At time of being required to file this reply although Petitioner has discovered proof that would establish he is not a fugitive, Petitioner needs either more time to acquire the evidence himself as being available from Motel 6 in Valdosta, Ga. or unless

this court would assist in acquiring such record as Motel 6 admits holding.

Under paragraph '5' petitioner opposes respondent's denial. Inasmuch as petitioner was appointed counsel on June 12, 2001 such was long after petitioner was denied counsel during proceeding that did and did not timely occur such as the right denied petitioner to be brought before a 'Judge' after expiration of 30 days from date of arrest and right to counsel neither of which had occured. As mandatorly required under the Uniform Criminal Extradition Act. To circuvent such violation respondent on June 20, 2001 caused petitioner to be rearrested on same charges before petitioner was ordered release by Court of Common Pleas for violation of 30 day statute, thus allowing respondent to not only circumvent the statute, but to start all over again, affording new time frames.

Petitioner asserts that respondent acting as agent for State of Virginia and it's prosecuting agent Gary Agar and Tropper R.A. Morris, owner of Javon Hardware and Radio Shack, all of Accomack County have individually and together agreed to violate

10

PETITIONER'S RIGHTS TO THE EXTENTS THAT THREATS ON PETITIONER'S LIFE TO INCLUDE AMONG OTHER THREATS, THAT PETITIONER SHOULD BE 'HUNG'. COMMONWEALTH EX REL MATTOX vs. SUPERINTENDENT OF COUNTY PRISON, 31 A. 2d 576.

> "Where judge granting habeas corpus is satisfied by substantial and competent evidence, that feelings against petitioner and attitudes of prosecuting attorney and peace officers of the demanding state is such as to furnish reasonable grounds for belief that petitioner will not receive a fair and impartial trial, and is in grave peril of being lynched or abused, judge may discharge petitioner from custody and refuse delivery of him to representatives of the demanding state.

PETITIONER FURTHER CONTENDS, THAT HE WILL TOO BE AND IS DENIED HIS SIXTH AMENTMENT RIGHT TO COUNSEL PRIOR TO ANY SUBSEQUENT DELIVERY TO STATE OF VIRGINIA SINCE DESPITE ALL EFFORTS BY PETITIONER AND HIS FAMILY, NO ATTORNEY IN ACCOMACK COUNTY VIRGINIA WILL BE RETAIN

11

accept the defense thus due to high negative attitudes towards petitioner. While requesting that this Court consider in having agents of Respondent in State of Virginia and Pennsylvania held accountable for criminally violating petitioner's Constitutional rights pursuant to 18 USC 241 and 242 petitioner prays this Court will invoke its jurisdiction over Respondent by issuing an Order pursuant to 28 USC 2251 'staying' State court proceedings untill an investigation has been completed to determine if all extradition laws have been adhered to as well as to insure petitioner's safety if extradited to Virginia.

Wherefore, petitioner prays that this Honorable Court grant Petitioner's Petition for Writ of Habeas Corpus

12

by discharging him from custody and thereby dismissing the Va. charges with prejudice, and for such other relief this Court deems proper and just. Petitioner finally prays, that should this Court deny petitioner's petition, that in order for petitioner to exercise his right of appeal, that the provisions contained in paragraph '4' of this Court's Order dated June 5, 2001 as pertaining to enforcement of Rule 23(a) of 28 USC Federal Rules of Appellate Procedure, be restated in it's final order to preserve and protect petitioner's right to seek timely appellate review prior to any potential extradition to Virginia.

Dated this 7th day of July, 2001.

Respectfully submitted,

William D. Marshall