ORIGINAL

IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM DONALD MARSHALL,
    PETITIONER,   CASE #1:CV-01-0949
                                       J. Rambo

VS.                  MEMORANDUM OF LAW
                      IN SUPPORT OF PETIT[IONER]
                      REPLY TO RESPONDEN[T'S]
ROBERT L. RAIGER,    ANSWER
    RESPONDENT,

FILED
HARRISBURG
JUL 12 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

Comes now, petitioner above named in the aforesai[d] caption cause of action, and who now in suppo[rt] of his "Reply to Respondent's Answer" respectfully submits this "Memorandum of Law" with judici[al] summaries as quoted by the court rendering the decision.

1. <u>U.S. v. Schreiber</u>, 535 F. Supp. 1359

2

"One cannot be a fugitive unless he was present in the demanding state at time crime was committed since mere absence from the jurisdiction without regard to intent is not sufficient to make on a fugitive; flight must be for the purpose of avoiding prosecution."

2. <u>Smith v Elrod</u>, 511 F. Supp. 559

"Extradition under both federal and Illinois statutes is appropriate only when a person is a fugitive from justice in another state.

3. <u>Morris v Nelson</u>, 659 P. 2d 1386

"The governor has a duty to extradite a fugitive, but if the demanding state incorrectly alleges that an individual is a 'fugitive' the Governor has no authority to extradite."

4. <u>State v Cunningham</u>, 405 A 2d 706

Defendant should not be penalized for assertion of his rights to resist extradition.

5. <u>Wooten v Hatfield</u>, 287 S.E. 2d 516

"Accused entitled to reasonable time to produce evidence that he was not in state at time of crime-


3

6. <u>Walker v. Ramsey</u>, 368 N.W. 2d 28

"Extradition should not be used for collection of a private debt."

7. <u>Foley v. State</u>, 108 A. 2d 24

Extradition from one state to another is not a state matter, but a federal matter, governed by U.S. Constitution Article 4 Section 2 and 18 USC 3182.

8. <u>Commonwealth v. Price</u>, 194 A 2d 881

Although asylum state has limited review of extradition, it must make certain that requirements of Extradition Act have been satisfied.

    Emphasis added: Requirements pursuant to 42 Pa CSA 9136 where not adhered to that requires an accused be brought before a judge on or before expiration of 30 days subsequent to arrest and with counsel. Petitioner was arrested on May 5, 2001 and although scheduled for hearing before a District Justice Michael Smith (who is not a judge) on June 4, 2001, such hearing did not occur. It was not until a hearing on June 20, 2001 in Court of Common Pleas

4

that petitioner first appeared before a judge and court of record and that being as result of defense hearing on Petition for Writ of Habeas Corpus as represented by Public Defender appointed on June 12, 2001. The petition for Writ of Habeas Corpus was solely based on time violation asserted above under section 9136. The court granted the Writ and discharged petitioner which did not occur before rearrest on same charge, thereby state not only ignoring its violation of 30 day provision, but restarted 90 day calendar that applies to total extradition period after 30 day hearing with only 60 additional days allowed. Allowing rearrest that then restarts 90 day maximum time frame, after dismissal for violation of 30 day provision, defeats the very purpose of the statute as mandated

9. <u>West v Janing</u>, 449 F. Supp. 548

Petitioner who was confined by state pending appeal of decision to allow extradition was constitutionally entitled to be considered for bail and refusal to even consider bond was abuse of discretion.

5

10. *Carino v. Watson*, 370 A 2d 950

Superior court had authority to admit to bail alleged fugitive from justice for whom Governor warrant had signed extradition warrant.

11. *Walters v. Henderson*, 352 F. Supp. 556.

Habeas corpus relief is available not only to one who claims he should be freed of all restraints, but also to one who protest his confinement, in a certain place or who attacks conditions of his confinement.

12. *Bundy v Wainwright*, 808 F 2d 1410

Court should grant 'stay' in state cases, after examining whether movant has made showing of likelihood of success on merits and of irreparable injury, if stay is not granted, whether stay would substantially harm other parties, and whether granting stay would serve public interest.

13. *Gilliam v Foster*, 61 F. 3d 1070

Federal habeas corpus statute specifically authorizes a stay of state court proceedings.
See also: *Spain v Prochotna*, 903 F. Supp. 38

6

                                            Respectfully submitted

                                            William D. Marshall
                                            Petitioner, Pro Se

Dated this 7th day of July, 2001

cc: Respondent