(15)
7/19/01
MA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM DONALD MARSHALL,** | : | Civil No. 1:CV-01-0949 |
| Petitioner | : | |
| v. | : | **FILED**<br>HARRISBURG, PA |
| **ROBERT L. RAIGER,**<br>**Warden of Lebanon County**<br>**Correctional Facility** | : | JUL 1 9 2001<br>MARY E. D'ANDREA, CLERK<br>Per _____ <br>Deputy Clerk |
| Respondent | : | |

### MEMORANDUM and ORDER

Before the court is Petitioner, William Donald Marshall's, petition for a writ of habeas corpus. The parties have briefed the issues, and the petition is ripe for disposition.

I.  **Background**

Petitioner is currently in custody at the Lebanon County Correctional Facility in Lebanon County, Pennsylvania. Petitioner was taken into custody by the Commonwealth of Pennsylvania on May 8, 2001, pursuant to an Arrest prior to Requisition (Fugitive) Warrant which was issued by the Pennsylvania State Police based on a Larceny Warrant lodged against Petitioner by the Commonwealth of Virginia. A hearing to determine whether Petitioner would be extradited to Virginia was originally scheduled for June 4, 2001, and was subsequently continued until June 28, 2001. It is unclear from the record whether said hearing has yet been held, however, it is immaterial to the disposition of the instant petition.

Petitioner filed his petition for writ of habeas corpus on May 29, 2001. Petitioner, in his various filings with the court, has asserted numerous reasons why

the court should grant habeas relief. As discussed *infra*, the court will not reach the merits of Petitioner's averments.

II.    **Discussion**

A fugitive from another state who is in the custody of Pennsylvania may challenge the pending extradition by seeking a federal writ of habeas corpus. *Gee v. State of Kansas*, 912 F.2d 414, 416 (10th Cir.1990) (citing *Michigan v. Doran*, 439 U.S. 282, 289 (1978).). The proper statute under which to seek federal habeas relief in this situation is 28 U.S.C. § 2241.[1] However, "[a] habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, No. 99-1347, 2000 WL 342235, at *2, __F.3d__ (10th Cir. April 3, 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Moreover, "[n]umerous federal courts have . . . [held] that a petition for writ of habeas corpus challenging an interstate extradition would not be heard because the petitioner had not yet exhausted his available remedies in the asylum state." *Whelan v. Noelle*, 966, F. Supp. 992, 998 (D. Or. 1997) (gathering cases).

Petitioner has not indicated that he has sought any remedies through the Pennsylvania courts. Neither has Respondent indicated that anything has been filed by Petitioner in the Pennsylvania courts. Furthermore, the short time between Petitioner being detained on May 8, 2001, and his filing of his petition for federal habeas relief on May 28, 2001, indicates to the court that there was not ample time

---

[1] It appears from Petitioner's somewhat unclear submissions to the court that he is arguing that his incarceration at Lebanon County Correctional Facility pending his extradition is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Specifically, he argues that Respondent has violated the Uniform Criminal Extradition Act, 18 U.S.C. § 3181.

2

in which Petitioner could have exhausted his state remedies. Accordingly, the court will dismiss the petition for writ of habeas corpus, without prejudice to reassert any right to relief from the federal courts upon exhaustion of his state remedies.

### III.     Order

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT:**

(1) Petitioner's petition for writ of habeas corpus is **DISMISSED** without prejudice;

(2) The court declines to issue an order of appealability;

(3) The clerk of court shall close the case.

SYLVIA H. RAMBO
United States District Judge

Dated: July 18, 2001.

3

```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA

                  * * MAILING CERTIFICATE OF CLERK * *

                            July 19, 2001


Re:  1:01-cv-00949    Marshall v. Raiger



True and correct copies of the attached were mailed by the clerk
to the following:


     William Donald Marshall
     Lebanon County Prison
     730 E. Walnut Street
     Lebanon, PA  17042

     David J. Arnold Jr., Esq.
     Lebanon County District Attorney's Office
     400 S. 8th Street
     Lebanon, PA  17042

     DA of Lebanon County
     11 Courthouse
     400 South 8th Street
     Lebanon, PA  17042         Fax No.: (717) 274-8094




cc:
Judge                         (X )              ( ) Pro Se Law Clerk
Magistrate Judge              ( )               ( ) INS
U.S. Marshal                  ( )               ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 (X )
Federal Public Defender       ( )
Summons Issued                ( )  with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( )  with Petition attached & mailed certified mail
                                   to:  US Atty Gen    ( )    PA Atty Gen  ( )
                                        DA of County   ( )    Respondents  ( )
Bankruptcy Court              ( )
```

Other_____(  )

                                                        MARY E. D'ANDREA, Clerk

DATE: July 19th, 2001                 BY: _____
                                                          Deputy Clerk

Case 1:01-cv-00949-SHR    Document 15    Filed 07/19/2001    Page 5 of 5