ORIGINAL

IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM DONALD MARSHALL
    Petitioner,

vs.

ROBERT L. RAIGER,
    Respondent,

CASE #1:CV-01-0949

MOTION FOR EMERGENCY PROTECTIVE ORDER

FILED HARRISBURG JUL 3 0 2001 MARY E. D'ANDREA, CLERK Per ___ DEPUTY CLERK

Comes now Petitioner who respectfully seeks an *emergency* protective order to enforce the provisions of 28 USC Rule 23(a) of Federal Rules of Appellate Procedure as more fully supported by the following facts asserted herein under oath pursuant to 28 USC 1746.

By order dated July 18, 2001 this Honorable Court

'dismissed' petitioner's Petition for Writ of Habeas Corpus without prejudice for want of exhaustion of all state remedies which too lifted its Rule 23(a) of Federal Rules of Appellate Procedure enforcement order of June 5, 2001 at paragraph #4. Petitioner sought such Rule 23(a) enforcement order in view that Respondent have frequently caused prisoners to be extradited to other states prior to being afforded the right to exhaust all state and federal court remedies as secured and protected by the laws and Constitution of the United States and the State of Pennsylvania. Petitioner's claims are quite evident not only by Respondent's Second Answer to Petitioner's Petition for Writ of Habeas

3

Corpus at paragraph #3, but by virtue of statements made to Petitioner on date of this motion, during an interview from his Public Defender, Scott Stein which revealed not only a conflict of interest as sustained in <u>Strickland v. Washington</u>, 466 U.S. 668 but where such statements even surprising to Petitioner clearly gives rise to fact that petitioner's attorney is both civilly and criminally implementing an act on his own while too conspiring with the Lebanon County District Attorney to act on his own and with each other, to cause Petitioner to be extradited to the State of Virginia wherein they know having been told by petitioner that his life is in extreme danger as result of his former occupation

Case 1:01-cv-00949-SHR   Document 20   Filed 07/30/2001   Page 3 of 11

4

as a free-lance paralegal having contracted services to Civil Rights Division of U.S. Dept. of Justice regarding jail and prison conditions. Petitioner contends and feels that such deliberate disregaurd for petitioners rights by planned acts of Respondent's agent and petitioner's own Public Defender Scott Stein to cause extradition of petitioner prior to affording him his rights to appeal thus exhausting all state remedies prior to review as would be in compliance to this courts order of July 18, 2001; thus reflects that said Public Defender and State Attorney might be in violation of 18 USC 241 and/or 242 as referenced by the following courts:

<u>Dennis v Sparks</u>, 101 S. Ct. 183; 449 US 24
State judges may be found criminally

5

liable for violations of civil rights even though the judge may be immune from damages under section 1983 of title 42 USC.

Briscoe v. LaHue, 103 S. Ct. 1108; 460 US. 325
Like prosecutors and judges; officials may be punished criminally for wilful deprivation of constitutional rights.

Private persons, jointly engaged with State officials in prohibited actions under color of law, are acting under color of law. U.S. v. Lynch, 94 F. Supp. 1011; affirmed 189 F 2d 476, cert. denied 72 S. Ct. 50; 342 US. 831.

Savage v Arnold, 403 F. Supp. 172; ED Pa. 1975
Court may refer citizen's complaint to U.S. Attorney for possible prosecution under 18 USC 241 n 242.

It is quite evident that Respondent intends to deliberatly violate petitioner's right to appeal from any adverse decision by the Lebanon County Court of Common Pleas as scheduled during mid-week on or about July 31,

6

on August 1, 2001 by causing his <u>immediate</u> extradition to State of Virginia by statement contained in paragraph #3 of Respondent's Second Answer to Petitioner's Petition for Writ of Habeas Corpus which asserts:

> "While the Petitioner is currently challenging extradition in the state <u>court</u>, Respondent is precluded from extraditing Petitioner until this Honorable Court disposes of Petitioner's Petition for Writ of Habeas Corpus."

Petitioner contends, that it is evident and conclusive, from the quoted statement above, that once Petitioner has exhausted his <u>initial</u> remedy before the Lebanon County Court of Common Pleas as scheduled for on or about August 1, 2001 since Respondent uses in the above quoted statement the singular term of '<u>court</u>'

as opposed to 'courts' as would be the plural term had Respondent intended to afford Petitioner the right to exhaust all State remedies such as Superior Court and Supreme Court as State Appellate courts prior to seeking federal court review as this court now requires but which Petitioner cannot perform without this court issuing an enforcement order to aid Rule 23(a) of Federal Rules of Appellate Procedure. Inasmuch as the very mandatory language of Rule 23(a) does not normally require an enforcement order by the court in aid thereof, as adhered to by other states, by practice and evident plan of Respondent, without an enforcement order to Rule 23(a) Petitioner at hand of Respondent will be immediately extradited to State

8

of Virginia subsequent to disposition in Lebanon County Court of Common Pleas without being afforded his rights under the laws and Constitution of the United States and State of Pennsylvania, to seek review by all State Appellate Courts prior to review by this court, as required by this Court's order of July 18, 2001 which Petitioner believes this court would assume Respondent would not obstruct Petitioner in course of exhaustion of State remedies prior to this court's review, but as Petitioner has pointed out will not occur without an enforcement order to Rule 23(a).

Wherefore, this court has jurisdiction to enforce and thus preserving Petitioner's asserted rights to exhaust all state remedies by issuing an enforcement

order to aid Rule 23(a) of Federal Rules of Appellate Procedure as was effective in this Courts order of June 5, 2001 and reinstatement of such pending appeal to Third Circuit Court of Appeals would safeguard appellate review or in the alternative to issue enforcement order to Rule 23(a) while holding this court's jurisdiction to review after exhaustion of State remedies thus holding review in 'abeyance' pending Petitioner's exhaustion of all state court remedies, and for such other and further relief this Court deems proper and just.

Subscribed and sworn to on this 27th day of July, 2001 pursuant to 28 USC 1746.

Respectfully submitted

William Donald Marshall
Petitioner, Pro Se

<u>URGENT!!</u>

Lebanon County Prison
730 E. Walnut St
Lebanon, Pa. 17042
July 27, 2001

Clerk of Court
U.S. District Court
228 Walnut St.
P.O. Box 983
Harrisburg, Pa. 17108

Dear Sir/Madam,                    Re: <u>1:01-CV-00949</u>

    Please find enclosed <u>Motion for Emergency Protective Order</u>.

    Due to fact, that per that asserted in my enclosed motion as well as told to me today by my Public Defender I <u>will</u> be immediately extradited to Va. without appeal right after state habeas hearing scheduled on or about Wednesday Aug. 1, 2001.

    Judge Rambo is not aware of state intent to preclude my exhaustion of state remedies so she can review. She is too not aware that my life is in <u>extreme</u> danger if extradited to Auomac County Va. prior to Justice Dept. investigation based on former occupation.

    I <u>plead</u> and <u>beg</u> and beg to please take this letter and motion to Judge Rambo upon receipt praying she will issue the needed enforcement order for Rule 23(a) FRAP

2

which due to critical time frame I pray she will fax her order to Respondent as well as to the Honorable Robert Ely of Lebanon County Court of Common Pleas.

I plead of your help upon receipt as I'm providing total faith in, life threatening problems in Va. as well as not being afforded to exhaust my state remedies.

Please excuse my nervous writing, I am 63 years of age and suffer from conditions of albinism.

Respectfully,

William D Marshall

P/f I am scheduled to appear in Lebanon County Court of Common Pleas, Hon Judge Robert Ely on or about Wednesday - Aug. 1, 2001; therefore I plead that this letter as prayer for my life with motion is taken before Judge Rambo soon, in order to potentially fax Rule 23(a) enforcement order to Judge Ely as well as State attorney David Arnold while mailing copy to me