IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM D. MARSHALL,
   Petitioner,

  v.

ROBERT L. REIGER,
   Respondent,

Case No. 01-CV-D0949

J Rombo

MOTION FOR
ISSUANCE OF HABEAS
CORPUS AD TESTIFICANDS
FOR RETURN OF PETITION
STORY v. ROBINSON, 689
F 2d 1176 (3rd Cir.)

Comes now petitioner above named who in bringing this captioned cause of action and in support thereof respectfully represents:

1. In May 2001 this Honorable Court entertained petitioner's Petitioner for Writ of Habeas Corpus pursuant to 28 USC 2241(a)(c)(3) as pertaing to Interstate Extradition pursuant to Article IV of the U.S. Constitution and 18 USC 3182. See also Artukovic v. Rison, 784 F. 2d 1354.

2. On or about June 5, 2001 at the request of petitioner, this Honorable Court issued an enforcement aid to Rule 23(a) which was to prohibit respondent from transferring custody of petitioner to another during the pendency of such habeas review. See: Anderson v. Smith, 697 F. 2d 239

②

3. By order of this Honorable Court issued in August 2001, this Court dismissed said petition without pre-judice for failure to exhaust state remedies which this Court must have presumed petitioner would have been afforded the opportunity to so do prior to this Court's review.

4. On September 25, 2001 petitioner appeared with counsel I Scott Stein of Lebanon County Public Defenders Office before the Lebanon County Court of Common Pleas in case #H315919-2 where upon the Honorable Judge Kline after denying (state level) habeas corpus contesting extradition to Virginia ordered that petitioner be _immediately_ extradited. Subsequent to said court's order, petitioner counsel noted on the record while advising the court that while taking an appeal to the Pennsylvania Superior Court, the Court was further informed that such extradition would not be permissable during the pendency of a habeas corpus before the Pennsylvania Supreme Court as well as before U.S Third Circuit Court of Appeals See: Rule 23(a) 28 USC Federal Rules of Appellate Procedure Rule 1701(a) of Pa. Rules of Appellate Procedure; 42 Pa. CSA 6505; Pa. 42 Pa. CSA 9132 and 18 USC 241 and/u 242 penalties for transfer of custody prior to exercise of right to appellate review in both the state and federal courts of Pennsylvania. Despite the Honorable Judge Kline's having been informed of pending habeas review before both state and federal courts, said Judge Kline restated

(3)

his order to immediately extradite petitioner.

5. On October 2, 2001 despite petitioner's notice to Virginia State Police as well as respondent's agent at Lebanin County Correctional Facility, that petitioner had not only a direct appeal in progress from order certifying extradition dated Sept. 25, 2001, but that petitioner has two habeas reviews in Pa. Supreme Court and U.S. Third Circuit Court of Appeals, petitioner was not only removed from the State of Pennsylvania to Virginia, but said Virginia State Police refused to allow petitioner to bring any of his legal material thereby precluding petitioner to further pursue his appeals in Pennsylvania.

6. Petitioner continues to be in pre-trial status having no trial date set on the three felonies which formed basis of extradition i.e 'False Pretenses' on alleged default on a $2,000 debt which is not an extraditable offense. See Bishop v State, 92 So. 2d 323; Ex parte Maddox, 25 P 2d 1111; State ex rel Hourigan v. Robinson, 257 S.W. 2d 9; Stynchcombe, 261 S.E 2d 342 and Walker v. Ramsey, 368 N.W. 2d 28.

7. Petitioner asserts that as a direct consequence of his being unlawfully removed from Pennsylvania and now detained in the custody of Accomack County Virginia Sheriff Robert D Crockett by virtue of being an inmate in jail he operates, petitioner is subjected to the following unconstitutional conditions



(a) Denied access to an adequate law library in absence of providing someone trained in law.
<u>Bounds v. Smith</u>, 430 US 817

(b) Required to sleep on floor mattress for up to 16 months in cellblock designed for 4 but now housing 14 inmates, unsupervised 24 hours 7 days a week; only one hour recreation monthly.
<u>Bell v. Wolfish</u>, 441 US 520

(c) Denied to receive and possess law books regardless of source or format.
<u>Bell v Wolfish</u>, 441 US 520

(d) Denied bail as retaliation for, for contesting extradition.
<u>U.S v Motamedi</u>, 767 F 2d 1403
<u>State v. Cunningham</u>, 405 A 2d 706

(e) Denied use of all plastic 1½ inch magnifyer required to accommodate petitioner's legal blindness as is defined under Americans with Disabilities Act pursuant to 42 USC 12131 as applicable to prisoners.
<u>Pa. Dept. of Corrections v Yeskey</u>, 524 US 206

Wherefore, in order to afford petitioner his pre-extradition rights to contest extradition thus providing right to exhaust all Pa. state remedies and seeking review by this Honorable Court, petitioner respectfully prays that this Honorable Court forthwith issue a habeas corpus ad testificamdum ordering petitioner returned to the state he was at the Lebanon County Correctional Facility; or to the Northumberland County Correctional Facility wherein

⑤

the county petitioner resides; or taken by U.S Marshal to Allenwood Prison Camp at Montgomery, Pennsylvania or that petitioner be released to his Sponsor by U.S Marshal upon being returned to Pennsylvania pursuant to Rule (b) in (c) of 28 USC Federal Rules of Appellate Procedure. Petitioner lastly contents that the facts and circumstances in his case are equal to those pursuant to Mattox v Superintendent of County Prison, 31 A 2d 576 with exception of your petitioner being 62 years of age, heart condition and other serious impairments associated with conditions of 'albinism' to include but not limited to legal blindness limiting visual reading ability to a minimum of 16 point type. And whereto petitioner seeks of this Honorable Court such other and further relief as this court deems just and proper and in the interest of justice. Further your petitioner sayeth not. Reopen case, order return, hold review in abeyance pending state exhaustion.

Dated this 5th day of February, 2002.

I, William D. Marshall, do hereby declare the foregoing to be true and factual, pursuant to 28 USC 1746.

x William D. Marshall

Respectfully submitted,

William D. Marshall
Petitioner, Pro Se.
Accomack County Jail
P.O. Box 149
Accomac, Va. 23301

cc David Arnold, Esq.
Sponsor

IN THE COURT OF COMMON PLEAS OF LEBANON COUNTY
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,
                PLAINTIFF,    OTN NO. H315919-2

    VS.

WILLIAM D. MARSHALL,        **NOTICE OF**
              DEFENDANT,   **APPEAL**

NOTICE is hereby GIVEN, THAT THE ABOVE NAMED DEFENDANT PROCEEDING PRO SE, IN lieu OF DEFENSE COUNSEL'S FAILURE TO TIMELY SERVE SUCH NOTICE, HEREBY APPEALS TO THE SUPERIOR COURT OF PENNSYLVANIA FROM THE ORDER ENTERED IN THIS MATTER ON THE 26th DAY OF SEPTEMBER, 2001 BEFORE THE HONORABLE JUDGE KLINE. THIS ORDER HAS BEEN ENTERED INTO THE DOCKET.

A NOTICE OF APPEAL HAVING BEEN FILED IN THIS MATTER, THE OFFICIAL COURT REPORTER IS HEREBY ORDERED TO PRODUCE, CERTIFY AND FILE THE TRANSCRIPT IN THIS MATTER IN CONFORMITY WITH RULE 1922 OF THE PENNSYLVANIA RULES OF APPELLATE PROCEDURE.

## 2

This NOTICE OF APPEAL AND ORDER FOR TRANSCRIPTS is TIMELY FILED by DEFENDANT PRO SE TO SAFEGUARD his RIGHT TO APPEAL WHERE DEFENSE COUNSEL Scott Stein despite DEFENDANT's REQUEST has FAILED TO SO TIMELY APPEAL AS would BE EVIDENT by his PROVIDING APPELLANT/DEFENDANT A COPY THEREOF.

PURSUANT TO Rule 1701(a) OF PENNSYLVANIA Rules OF Appellate PROCEDURE, THE ORDER OF THE COURT ENTERED ON SEPTEMBER 26, 2001 thus FORMING BASIS OF THIS APPEAL, MAY NO LONGER PROCEED ON ITS ORDER PENDING APPEAL AND THEREBY CONSTITUTING A 'STAY' OF SAID ORDER.

DATED this 30th day OF SEPTEMBER, 2001.

RESPECTFULLY SUBMITTED,

William D. Marshall
DEFENDANT, PRO SE

### PROOF OF SERVICE

The DEFENDANT ABOVE NAMED does HEREBY CERTIFY THAT HE HAS SERVED A TRUE AND CORRECT COPY OF THE FOREGOING UPON ASSISTANT DISTRICT ATTORNEY David Arnold; HON. ROBERT Eby; AND ASSISTANT PUBLIC DEFENDER SCOTT STEIN,

William D. Marshall

MARCIA M. WALDRON
CLERK

OFFICE OF THE CLERK
# UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790
Website: pacer.ca3.uscourts.gov

TELEPHO
215-597-

# NOTICE

### IN RE: MARSHALL  v. RAIGER

### No. 01-2992

Enclosed please find case opening information regarding the above-entitled appeal.  Our public website address is: pacer.ca3.uscourts.gov.  Do not put "www" before the address. This website will provide you with valuable information with respect to this case, including the docket.  It is suggested that, if the Internet is available to you, you  become familiar with the website and the information it can provide you prior to calling the Clerk's Office.

All written requests should be directed to the case manager listed below.  All telephone inquires should be directed through our automated information system at 215-597-2995. For case management information, please press 1.  If you have a question about briefs or appendices press 3 or, if you have a question with regard to the calendaring of cases, oral argument or video argument, please press 5.

In the event our automated system does not provide you with an answer to your inquiry, please contact the case manager listed below by dialing seven and the four digit extension number.

CASE MANAGER:  Tika L. Parks

# Supreme Court of Pennsylvania

## Middle District

### September 13, 2001

Irene M. Bizzoso
Deputy Prothonotary

Shirley Bailey
Chief Clerk

P.O. Box 624
Harrisburg, PA 17108
717-787-6181
www.aopc.org

RE:   Marshall, William D., Pet. v. Reiger
No. 181 MM 2001
Lebanon County Court of Common Pleas
Agency/Trial Court Docket Number:

Intermediate Court Docket Number:

Dear :

This is to advise that the below listed item(s) were filed on September 12, 2001 and docketed in the above-captioned matter.

Application For Leave to File Original Process
Petition For Writ of Habeas Corpus and Application For
Extraordinary Relief

An original and eight (8) copies of either the Brief in Opposition, or a letter stating that a Brief in Opposition will not be filed, is required to be filed within fourteen (14) days after service. An additional three (3) days may be added if service was effectuated by mail.  See Rule Pa.R.A. P. 121(e).

Very truly yours,

Office of the Prothonotary

/sjp

cc:    William D. Marshall
The Honorable  Robert J. Eby
President Judge

## 42 Pa.C.S.A. § 6504  ACTIONS, PROCEEDINGS, ETC.

**Official Source Note:**
Patterned after 28 U.S.C. § 2243.

**Prior Laws:**
1951, May 25, P.L. 415, §§ 4, 5 (12 P.S. §§ 1904, 1905).

### Historical and Statutory Notes

1937, July 1, P.L. 2664, §§ 1, 2 (12 P.S. §§ 1892, 1893).

### Library References

Habeas Corpus ⊂=680 to 686.
WESTLAW Topic No. 197.
C.J.S. Habeas Corpus §§ 180 to 182, 184 to 186, 188 to 190.

Burden of proof and presumptions, burden of persuasion in criminal cases, see Packel & Poulin, 1 Pennsylvania Practice § 305.

Appeals, petition for writ of habeas corpus, see Rudovsky & Sosnov, 2 Pennsylvania Practice § 15.13.

### Notes of Decisions

In general 1
Order to show cause 2
Return of writ 4
Service of writ 3

**1. In general**

A petition for writ of habeas corpus does not apply to respondents who do not have custody of petitioner. Com. ex rel. Schaedler v. Russell, 53 Berks 223 (1961).

In an action of habeas corpus against an institution holding a patient, institution should allow rule to show cause why writ should not be issued, and facts as averred are to be denied. Com. ex rel. Filer v. Elwyn Training School, 47 Del. 216, 1960.

**2. Order to show cause**

Where petition for writ of habeas corpus avers facts which are prima facie sufficient for the issuance of the writ, judge should allow rule to show cause why writ should not be filed if the facts as averred are to be denied. Com. ex rel. Chambers v. Claudy, 90 A.2d 383, 171 Pa.Super. 115, Super.1952.

Where allegations of prisoner's petition for writ of habeas corpus were fully refuted by record of trial court, a hearing on the petition was not an indispensable requisite, and the awarding of a rule to show cause would have served no purpose. Com. ex rel. Chambers v. Claudy, 90 A.2d 383, 171 Pa.Super. 115, Super.1952.

In absence of any allegations in petition for writ of habeas corpus which make out a prima facie case for allowing the writ,
no hearing on the petition is necessary and the issuance of a rule to show cause is not required. Com. ex rel. Rogers v. Claudy, C.A.2d 382, 170 Pa.Super. 639, Super.1952.

Where all matters relied on by relator seeking a writ of habeas corpus were brought to the attention of the Supreme Court in its petition for writ of habeas corpus and its decision thereon was adverse to him, a rule to show cause would be refused. Com. ex rel. Foster v. Ashe, 23 A.2d 245, 146 Pa.Super. 482, Super.1941.

**3. Service of writ**

Although there was no return of service by sheriff who served writ of habeas corpus demanding stepmother and father to produce child in court in that stepmother refused to accept papers, where stepmother told father about the writ, court had jurisdiction over father in child custody proceedings. Com. ex rel. McKinney v. McKinney, 381 A.2d 453, 476 Pa. 1, Sup.1977.

Service of writ of habeas corpus upon wife by leaving it in mailbox at her place of residence was not a proper service of writ and court had no right to enter upon a hearing of the habeas corpus proceeding. Com. ex rel. Swinburne v. Mullen, 163 A.2d 920, 193 Pa.Super. 237, Super.1960.

Failure of warden on whom writ of habeas corpus was served to make return to the writ together with a copy of relator's commitment did not furnish basis for relator to question right of court of common pleas to hold hearing on the petition for habeas corpus, in view of fact that showing of an actual commitment was made. Com. ex rel. Davis v. Baldi, 124 A.2d 390, 181 Pa.Super. 251, Super.1956.

**4. Return of writ**

State custodians must respond to writs of habeas corpus ad testificandum, issued by a federal court, at least to the extent of bringing the required state prison witnesses to the county jail nearest the federal courthouse and informing the United States Marshal Service that they are available for court appearance. Story v. Robinson, C.A.3 (Pa.)1982, 689 F.2d 1176.

Although there was no return of service of habeas corpus by sheriff who served writ of habeas corpus

## HABEAS CORPUS  42 Pa.C.S.A. § 6505

produce child in court in that stepmother refused to accept papers, where stepmother told father about the writ, court had jurisdiction over father in child custody proceedings. Com. ex rel. McKinney v. McKinney, 381 A.2d 453, 476 Pa. 1, Sup.1977.

In habeas corpus proceeding involving custody of child, failure of respondents, who produced child and appeared before court, to make formal return of writ of habeas corpus did not render hearing on merits invalid where petitioner did not make any objections to lack of return or right of respondents and witnesses to be heard. Com. ex rel. Zimbo v. Zoreskie, 188 A. 365, 124 Pa.Super. 154, Super.1936.

Upon the return of the writ the court may inquire into and examine all of the facts of the case, including all of the proceedings and the evidence produced before the committing magistrate, and if such evidence is deemed insufficient the defendant shall be discharged. Com. ex rel. Ginsburg v. Adams, 92 Pitts.L.J. 205 (1944).

### § 6505. Interference with writ prohibited

Any person who shall fail or refuse to respond to a writ or to an order issued under this chapter, or who shall change the place of detention of any person for the purpose of defeating the writ, or shall, without express authorization from a judge of a court of record, recommit not substantially the same facts and circumstances any person set at large upon a habeas corpus, or shall do any act for the purpose of defeating the writ or the order, commits a misdemeanor of the second degree.

1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978.

### Historical and Statutory Notes

**Official Source Note:**
Derived from act of February 18, 1785 (2 Sm.L. 275), §§ 8, 9, 10, 11, 12 and 14 (12 P.S. §§ 1883, 1884, 1885, 1886, 1887 and 1889).

**Prior Laws:**
1785, Feb. 18, 2 Sm.L. 275, §§ 8 to 12, 14 (12 P.S. §§ 1883 to 1887, 1889).

### Library References

Habeas Corpus ⊂=894.
WESTLAW Topic No. 197.
C.J.S. Habeas Corpus §§ 230, 232.

Burden of proof and presumptions, burden of persuasion in criminal cases, see Packel & Poulin, 1 Pennsylvania Practice § 305.